Justice Thomas,
dissenting.
I dissent for the reasons stated in our joint opinion, but I write separately to say a word about the Commerce Clause. The joint dissent and The Chief Justice correctly apply *708 our precedents to conclude that the Individual Mandate is beyond the power granted to Congress under the Commerce Clause and the Necessary and Proper Clause. Under those precedents, Congress may regulate “economic activity [that] substantially affects interstate commerce.” United States v. Lopez, 514 U. S. 549, 560 (1995). I adhere to my view that “the very notion of a ‘substantial effects’ test under the Commerce Clause is inconsistent with the original understanding of Congress’ powers and with this Court’s early Commerce Clause cases.” United States v. Morrison, 529 U. S. 598, 627 (2000) (Thomas, J., concurring); see also Lopez, supra, at 584-602 (same); Gonzales v. Raich, 545 U. S. 1, 67-69 (2005) (Thomas, J., dissenting). As I have explained, the Court’s continued use of that test “has encouraged the Federal Government to persist in its view that the Commerce Clause has virtually no limits.” Morrison, supra, at 627. The Government’s unprecedented claim in this suit that it may regulate not only economic activity but also inactivity that substantially affects interstate commerce is a case in point.